IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                             )
                                   )   Chapter 13
                                   )
GEORGE J. MATSEN,                  )
BRENDA R. MATSEN,                  )   Bankruptcy No. 07-00941
                                   )
    Debtors.                       )

### ORDER RE: APPLICATION FOR COMPENSATION

This matter came before the undersigned on May 6, 2010, on Hudson, Mallaney, & Shindler's Second Application for Compensation. Attorney Deanna R. Bachman appeared on behalf of Hudson, Mallaney, & Shindler. The Chapter 13 Trustee, Carol Dunbar, appeared on her own behalf. After brief argument, the matter was taken under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

The law firm of Hudson, Mallaney, & Shindler ("Hudson Mallaney") makes a second application for compensation to be paid through Debtors' Chapter 13 Plan for services rendered as Debtors' attorney in this case. Hudson Mallaney requests $2,565.10 in additional fees, for work performed from February 12, 2008 to February 28, 2010. Hudson Mallaney already has received approved fees of $5,845.29. Trustee objects, arguing that approval of Hudson Mallaney's application for additional fees is unreasonable and will make Debtors' Chapter 13 Plan not feasible. Trustee also notes that the unsecured dividend will be reduced if the Court approves this fee application.

### FINDINGS OF FACT

Debtors' plan was confirmed on January 30, 2008. At the time of confirmation, Trustee estimated that under the plan, unsecured creditors would be paid approximately 45.50% of their claims. On May 20, 2008, the Court granted

Hudson Mallaney's First Application for Compensation, awarding $5,845.29, including $5,624.00 in attorney fees and $221.29 in filing fees. This First Application, together with Debtor's Motion to Incur Secured Debt and Modify Plan After Confirmation, resulted in a reduction of the unsecured dividend to 37.25%. In this Second Application for Compensation, Hudson Mallaney seeks compensation of an additional $2565.10 for a range of legal services rendered between February 12, 2008 and February 28, 2010. These services include: drafting a motion and preparing for a hearing on a motion to incur debt, and attending that hearing; drafting a fee application, and attending a hearing on that application; attending a hearing on the use of Debtors' tax refund; reviewing Trustee's status reports; and multiple email/telephone communications with Debtors regarding issues including a boiler replacement, a quote on a replacement vehicle, a new air conditioner, bonus pay and unexpected expenses, and questions about an upcoming hearing. If approved, this Second Application would bring the total unsecured dividend down to 35.24%. Hudson Mallaney reduced the amount billed for travel to one-half its normal hourly rate in accordance with the Northern District of Iowa custom.

At the hearing, Trustee remarked that although this case has presented a number of issues, it has not been particularly novel or complex. She noted that in the nearly four years that Debtors have been pursuing their Chapter 13 plan, the unsecured dividend has decreased approximately 10% due to attorney fees. Debtors have 14 months remaining in their Chapter 13 plan. Trustee noted that the fees charged in this case are higher than the fees most attorneys practicing in the Northern District of Iowa charge for Chapter 13 services.

## CONCLUSIONS OF LAW

The bankruptcy court has broad discretion when awarding or denying attorney fees and a corresponding duty to examine attorney fees for reasonableness. In re Clark, 223 F.3d 859, 863 (8th Cir. 2000) (considering fees for Chapter 13 attorneys). "The burden is on the attorney to prove that the agreed compensation is reasonable." Id. Section 330 governs the allowance of attorneys' fees. 11 U.S.C. § 330(a). This section "permits the court, on its own motion or on the motion of a trustee or other party in interest, to award compensation that is less than the amount requested." In re Sherrets, No. 05-07276, 2006 WL 1806351, slip op. at *1 (Bankr. N.D. Iowa June 27, 2006) (citing In re Peterson, 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000)). Section 330 further provides that in a Chapter 13 case in which the debtor

2

is an individual, "the court may award reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case **based on a consideration of the benefit and necessity of such services to the debtor and other factors set forth in this section.**"  11 U.S.C. § 330(a)(4)(B) (emphasis added).

In the Northern District of Iowa, the Court has given substantial guidance on attorney fees in Chapter 13 cases through its local rules.  Local Rule 2016-1(b), Compensation of Professionals, Attorney for Debtor – Chapter 13 states:

> The attorney for debtor in a chapter 13 case is excused from the application requirements of Fed. R. Bankr. P. 2016(a) and the notice requirement of Fed. R. Bankr. P. 2002(a)(6) if the request for compensation is less than the base amount established by the court at the time of confirmation of the plan.  The **base amount figure** is available from the clerk and **applies to all attorney compensation through the first confirmation of a plan**.

(Emphasis added).  For Chapter 13 cases that were filed between January 1, 2006 and December 31, 2009, the "base amount" (the amount presumptively allowable) was $1751.00.  Effective March 3, 2010, the Court increased the base amount to $3001.00.  This new base amount applies retroactively to all cases filed on or after January 1, 2010.  The provision was not made retroactive to cases filed before that date.

Generally, the base amount is considered sufficient to compensate debtors' attorneys for their services in Chapter 13 cases.  In re Cookinham, No. 06-01033, slip op. at 2 (Bankr. N.D. Iowa Mar. 29, 2007).  These services include: counseling the debtors; preparing and filing the debtors' petition, schedules, and Chapter 13 plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions related to the Chapter 13 plan.  Id.

If debtors' attorneys seek compensation that exceeds the presumptively acceptable base amount for routine services, the attorney bears the burden of establishing that the fees requested are "reasonable."  In re Sherrets, 2006 WL 1806351 at *1 (citing In re Clark, 223 F.3d 859, 863 (8th Cir. 2000)).  To begin the

"reasonableness" inquiry, the Court must look to the requirements of §330(a) and Federal Rule of Bankruptcy Procedure 2016.  Id.; IANB Local Rule 2016-1(b). The "lodestar method" is the general approach taken by the court for determining reasonable compensation.  In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999).  The lodestar amount is calculated by multiplying the reasonable number of hours expended by a reasonable hourly rate.  Id.  The lodestar amount ordinarily reflects and includes issues such as: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."  In re Apex Oil, 960 F.2d 728, 732 (8th Cir. 1992).  The court's goal is to determine the overall reasonableness of the compensation requested.  See Sherrets, 2006 WL 1806351 at *1.  Additionally, the Northern District of Iowa includes an examination of the impact of allowance of attorney fees on the amounts distributed to unsecured creditors in its overall consideration on the "reasonableness" of fee applications.  In re Lund, No. 00-01683, slip op. at 3 (Bankr. N.D. Iowa Dec. 2, 2003).

Another key consideration for the court is whether the attorney exercised reasonable billing judgment.  In re Michels, No. 03-00316, 2004 WL 1718074, slip op. at *3 (Bankr. N.D. Iowa May 10, 2004).  "Time spent 'handholding' or reassuring debtors, or on matters which do not require attorney services, are simply not compensable at an attorney's regular hourly rates."  Id. (citing In re Stromberg, 161 B.R. 510, 519 (Bankr. D. Colo. 1993)).  When a court finds that a case presents only routine Chapter 13 matters, the court may review the fees requested in light of fees typically charged and reduce the requested fees accordingly.  McKeeman, 236 B.R. at 672.

## ANALYSIS

Under the foregoing legal standards, the Court concludes that Hudson Mallaney has failed its burden of establishing that the additional compensation it seeks is reasonable under the lodestar analysis.  Hudson Mallaney has spent time primarily on what appear to be basic services for Debtors.  Hudson Mallaney has failed to satisfy its burden under the lodestar analysis applicable to its additional compensation requests.

The matters for which Hudson Mallaney seeks additional compensation are neither novel nor complex.  Motions to retain tax refunds and motions to incur secured debt occur in many Chapter 13 cases.  Some matters listed on Hudson

4

Mallaney's itemized bill do not appear even to require attorney services. Matters like reviewing quotes on air conditioners and replacement vehicles and follow-up communications with Debtors after reviewing these quotes fall more in the category of handholding or reassurance on business decisions than matters necessitating legal representation. Additionally, some of the fees charged were for drafting a fee application and attending a hearing on the fee application, neither of which are compensable in the Northern District of Iowa. The "novelty and complexity" factor thus weighs against the additional fee request.

Neither the Court nor the Trustee questions Hudson Mallaney's skill, experience, and the quality of its representation of Debtors. Skilled counsel appears to have provided high-quality service on the run-of-the-mill issues involved here. This factor of the lodestar analysis weighs in favor of compensation.

The results obtained do not appear to be remarkable in any way. From the perspective of unsecured creditors and Trustee, the results Hudson Mallaney obtained reduce the funds available for distribution to creditors. From the Debtors' perspective, Hudson Mallaney's efforts allowed them to retain a tax refund and walked them through several purchasing decisions. However, those efforts for Debtors alone do not support the unusually large fee request here. Even if those results were notable for the debtor, they were not the product of counsel's special experience or skill, nor were they achieved with unusual efficiency. This factor of the lodestar analysis weighs against the additional fee request.

Hudson Mallaney has already received fees of $5,845.29 approved by the Court—an amount substantially in excess of the presumptively reasonable fee at the time the case was filed ($1,751.00). Its application for an additional $2565.10 in fees brings the total attorney fees in this case to $8,410.39, more than four times the presumptively reasonable limit of $1751.00, which was in effect when the case was filed, and even more than twice the current presumptively reasonable amount of $3001.00.

Trustee concedes that some of the work Hudson Mallaney performed was probably necessary. After reviewing the entire record, the Court agrees and concludes that Hudson Mallaney is entitled to some portion of the fees it requested. The Court will therefore approve additional compensation, including fees and mileage expenses, of $1,000.00. This amount shall be paid through Debtors' Chapter 13 plan. This resolution will advance the dual policy goals of ensuring that

Debtors are ably assisted in the bankruptcy process and that creditors receive a fair and equitable distribution of the bankruptcy estate's assets.   See Michelle Arnopol Cecil, A Reappraisal of Attorneys' Fees in Bankruptcy, 98 Ky. L.J. 67, 100 (2009).

**WHEREFORE,** the Second Application for Attorney's Fees is GRANTED IN PART and DENID IN PART.

**FURTHER,** Hudson, Mallaney, & Shindler is granted additional fees and expenses of $1,000.00 for compensation for services rendered as attorneys for Debtors.

Dated and Entered: May 25, 2010

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE